# IN THE SUPREME COURT OF THE STATE OF NEVADA

LOUIS GAZZARA,
Appellant,
vs.
BRITTANY NANCE,
Respondent.

No. 79588

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order modifying child custody and permitting respondent to relocate with the minor child. Eighth Judicial District Court, Family Court Division, Clark County; Denise L. Gentile, Judge.[1]

Having considered the parties' arguments and the record on appeal, we conclude the district court did not abuse its discretion by granting respondent primary physical custody and permitting her to relocate with the child to Texas.[2] *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). Respondent sought to relocate because she had obtained a promotion in Texas where her extended family resides and would be able to assist her in caring for the child. Thus, substantial

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]While appellant contends the district court erroneously found respondent had primary physical custody when the parties' divorce decree provided the parties had joint physical custody, this argument is belied by the record, as the district court only noted that respondent had historically been the child's primary physical custodian.

evidence supports the district court's findings that respondent had a good faith reason for the move, the child's best interest would be served through the relocation, and the child and respondent would benefit from an actual advantage through the relocation. NRS 125C.007(1); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court reviews a district court's factual findings for an abuse of discretion and will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence).

Further, the district court considered the NRS 125C.007(2) factors for relocation and the child's best interest factors and substantial evidence supports the court's findings in that regard.[3] Specifically, substantial evidence supports the court's finding that appellant will have a realistic opportunity to maintain visitation with the child that adequately fosters and preserves the parental relationship. While appellant contends the district court abused its discretion in finding that respondent's boyfriend had not abused the child, the investigation was closed as unsubstantiated and there was conflicting evidence offered at the hearing regarding the incident. *See Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (providing that it is not within this court's purview to weigh conflicting evidence or assess witness credibility). Lastly, the district court did not need to consider the statutory preference for joint physical custody or find that joint physical custody was not in the child's best interest because respondent sought to relocate out of the state. *See Trent v. Trent*,

---

[3]To the extent appellant argues the district court could not grant respondent's relocation motion due to a lack of changed circumstances, we conclude this argument lacks merit as respondent's out-of-state job promotion constitutes a change in circumstances.

111 Nev. 309, 315, 890 P.2d 1309, 1313 (1995) (explaining that a parent should not be forced to remain in the state with a child when the parent has a good reason to relocate and reasonable alternative visitation is possible). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Denise L. Gentile, District Judge, Family Court Division
Israel Kunin, Settlement Judge
Leavitt Law Firm
Mills & Anderson Law Group
Eighth District Court Clerk